IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **JOSE D. SAGASTUME,** * | |
| * | |
| **Plaintiff,** * | |
| * | **Civil No. TMD 14-2712** |
| v. * | |
| * | |
| * | |
| **CAROLYN W. COLVIN,** * | |
| **Acting Commissioner of Social Security,** * | |
| * | |
| **Defendant.** * | |
| ************ | |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND**

Jose D. Sagastume ("Plaintiff") seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 23).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 13) is **GRANTED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## **Background**

Plaintiff was born in 1966, has a third-grade education, and previously worked as a fence installer and landscaper. R. at 259, 264, 269. On September 11, 2008, Plaintiff applied for DIB and SSI (with a protective filing date of August 22, 2008), alleging disability beginning on October 31, 2007, due to a broken left arm and hand; limited range of motion in the left arm, hand, and fingers; and high blood pressure. R. at 220-34, 259, 263. The Commissioner denied Plaintiff's applications initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 101-04, 127-36. On June 17, 2010, ALJ Eugene Bond held a hearing in Washington, D.C., at which Plaintiff and a vocational expert ("VE") testified. R. at 46-63. On August 12, 2010, the ALJ issued a decision finding Plaintiff not disabled from October 31, 2007, through the date of the decision. R. at 105-19. On July 16, 2012, the Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case for further proceedings. R. at 120-26.

On January 16, 2013, ALJ Thomas Mercer Ray held a supplemental hearing at which Plaintiff and another VE testified. R. at 64-100. On April 4, 2013, the ALJ issued a decision finding Plaintiff not disabled from October 31, 2007, through the date of the decision. R. at 28-45. Plaintiff sought review of this decision by the Appeals Council. R. at 26-27. The Appeals Council granted Plaintiff's request for review on June 23, 2014, and issued a decision finding Plaintiff disabled from October 31, 2007, through May 9, 2010, but not disabled from May 10, 2010, through the date of ALJ Ray's decision on April 4, 2013. R. at 1-15. The Appeals Council's decision thus became the final decision of the Commissioner. *See* 20 C.F.R.

§§ 404.981, 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On August 22, 2014, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case subsequently was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## Summary of Evidence

The Court reviews the relevant evidence here and in Part VI below.

**A.      State Agency Medical Consultants**

On October 22, 2008, a state agency consultant, E. Nakhuda, M.D., assessed Plaintiff's physical residual functional capacity ("RFC"). R. at 423-30.  Dr. Nakhuda opined that Plaintiff could (1) lift and/or carry 20 pounds occasionally and 10 pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform limited pushing and/or pulling with the upper extremities. R. at 424.  Plaintiff frequently could balance, stoop, kneel, crouch, crawl, and climb ramps and stairs (but never ladders, ropes, or scaffolds). R. at 425.  His reaching and fingering were limited because of his left hand and shoulder, and he was to avoid concentrated exposure to hazards.  R. at 426-27.  Plaintiff had no visual or communicative limitations.  R. at 426-27.

On December 16, 2008, another state agency medical consultant, S. Rudin, M.D., also assessed Plaintiff's physical RFC.  R. at 431-38.  Dr. Rudin opined that Plaintiff could (1) lift and/or carry 20 pounds occasionally and 10 pounds frequently; (2) stand and/or walk for a total

of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform limited pushing and/or pulling with the upper extremities. R. at 432. Plaintiff occasionally could balance, stoop, kneel, crouch, crawl, and climb ramps and stairs (but never ladders, ropes, or scaffolds). R. at 433. Although he had no visual or communicative limitations, Plaintiff's reaching and fingering were limited because of his left hand and shoulder, and he was to avoid concentrated exposure to hazards. R. at 434-35.

### B.   Hearing Testimony

#### 1.   Plaintiff's Testimony

In his decision, ALJ Ray noted that Plaintiff "alleges fractures of [the] left wrist and humerus. He states that these impairments result in being unable to do activities that require the use of both arms/hands and limitations with lifting, completing tasks, concentration, and using his hands." R. at 36 (citing R. at 284); *see* R. at 71-87, 90-91.

#### 2.   VE Testimony

According to the VE, a hypothetical individual with Plaintiff's same age, education, work experience, and the RFC outlined below in Part III.A could perform the light, unskilled[2] jobs of laminating machine operator, machine tender, or lobby attendant. R. at 39, 91-96.

### III

### Summary of Administrative Decisions

### A.   ALJ Ray's Decision

On April 4, 2013, ALJ Ray found that Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of disability of October 31, 2007; and (2) had an impairment

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." *Id.* §§ 404.1568(a), 416.968(a).

or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform his past relevant work; but (5) could perform other work in the national economy. R. at 34-39. The ALJ thus found that he was not disabled from October 31, 2007, through the date of the decision. R. at 40.

> In so finding, the ALJ found that Plaintiff had the RFC
>
> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for a total of 6 hours in an 8 hour work day with normal breaks; sit for a total of 6 hours in an 8 hour work day with normal breaks; unlimited as to foot controls, but as to hand controls he may occasionally use hand controls with his nondominant hand; can push and/or pull as much as he can lift and/or carry[;] however, while there is no additional limitation on foot controls, he may only occasionally use hand controls with his nondominant hand, there is no such limitation on his dominant hand; frequently climb ramps/stairs; never climb ladders/ropes/scaffolds; frequently balance, frequently stoop, kneel, crouch; occasionally crawl; frequently handle with nondominant hand, unlimited in handling with dominant hand; frequently finger with nondominant hand, unlimited hand; must avoid frequent exposure to unprotected heights; must avoid frequent exposure to moving mechanical parts; and frequently operate a motor vehicle.

R. at 35-36. The ALJ considered Plaintiff's credibility and found that his "medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. at 36.

> Several elements in the record call into question the credibility of [Plaintiff's] allegations. His activities of daily living go beyond limitations that would preclude work and include housework, mowing the lawn, sweeping, going outside daily, walking, driving short distances, shopping in stores, regular church attendance, and gardening [R. at 281-83]. Furthermore, he was playing the guitar and piano in May 2012 as part of his therapy [R. at 697].

R. at 36.

**B.     Appeals Council Decision**

After granting Plaintiff's request for review, the Appeals Council issued its partially favorable decision on June 23, 2014. R. at 1-15. Specifically, the Appeals Council found that Plaintiff had an impairment that satisfied the criteria of Listing 1.07[3] during the closed period from October 31, 2007, to May 9, 2010, with medical improvement thereafter. R. at 10-11. The Appeals Council then found:

> For the period beginning May 10, 2010, the Appeals Council adopts [ALJ Ray's] findings at steps one through five of the sequential evaluation process. Specifically, the Council finds that [Plaintiff] had not engaged in substantial gainful activity since October 31, 2007; that he had the following severe impairment: fractures of left wrist and humerus; that this impairment did not meet or medically equal one of the listed impairments; that he had the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he may occasionally use hand controls with his nondominant hand; can push and/or pull as much as he can lift and/or carry; frequently climb ramps/stairs; never climb ladders/ropes/scaffolds; frequently balance, frequently stoop, kneel, crouch; occasionally crawl; frequently handle with nondominant hand, unlimited in handling with dominant hand; frequently finger with nondominant hand; must avoid frequent exposure to unprotected heights; must avoid frequent exposure to moving mechanical parts; and frequently operate a motor vehicle; and that he was unable to perform his past relevant work, but there are jobs that exist in significant numbers in the national economy that he could perform.

R. at 9-10.

---

[3] Listing 1.07 relates to a

> [f]racture of an upper extremity with nonunion of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management, as defined in 1.00M, directed toward restoration of functional use of the extremity, and such function was not restored or expected to be restored within 12 months of onset.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.07.

The Appeals Council noted that

> [Plaintiff] was released from physical therapy on May 10, 2010 [R. at 674-83]. His September 29, 2011 annual physical noted he denied any musculoskeletal symptoms, was in no acute distress, and did not note any extremity limitations [R. at 733-37]. On January 9, 2012, he denied loss of grip strength and that he only took advil for pain. On May 9, 2012, [Plaintiff] stated that he had been playing the piano and guitar more and only with mild pain [R. at 697].

R. at 10. The Appeals Council considered Plaintiff's statements regarding his subjective complaints and adopted ALJ Ray's conclusions in this regard. R. at 11. The Appeals Council ultimately found that Plaintiff's condition "improved as of May 10, 2010 because there was a decrease in severity based on changes in signs and symptoms. The medical improvement is related to [Plaintiff's] ability to work because the decrease in the severity of the signs and symptoms resulted in an increase in his functional capacity." R. at 11 (citations omitted).

## IV

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the

regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant

numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V

### **Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to

differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

Among Plaintiff's arguments is his contention that the Appeals Council erred in finding that his impairment no longer met the criteria of Listing 1.07 beginning on May 10, 2010, because his condition had medically improved and resulted in an increase in his functional capacity on that date. Pl.'s Mem. Supp. Mot. Summ. J. 9-11, ECF No. 13-1. The Commissioner must follow certain steps when it finds medical improvement of a previously established disabling condition. 20 C.F.R. §§ 404.1594(f)(1)-(8), 416.994(b)(5)(i)-(vii); *see Czerska v. Colvin*, Civil Action No. TMD 12-2238, 2013 WL 5335406, at *1 n.1 (D. Md. Sept. 20, 2013). The evaluation process requires the Commissioner to consider whether (1) the claimant has engaged in substantial gainful activity, 20 C.F.R. § 404.1594(f)(1); (2) the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listings, *id.* §§ 404.1594(f)(2), 416.994(b)(5)(i); (3) the claimant has seen medical improvement in his previously disabling condition, *id.* §§ 404.1594(f)(3), 416.994(b)(5)(ii); (4) medical improvement is related to the claimant's ability to do work, *id.* §§ 404.1594(f)(4), 416.994(b)(5)(iii); (5) an exception to medical improvement applies, *id.* §§ 404.1594(f)(5), 416.994(b)(5)(iv); (6) all current impairments are severe, *id.* §§ 404.1594(f)(6), 416.994(b)(5)(v); (7) a claimant's current RFC allows him to return to past relevant work, *id.* §§ 404.1594(f)(7), 416.994(b)(5)(vi); and, if not, (8) the claimant can perform other work. *Id.* §§ 404.1594(f)(8), 416.994(b)(5)(vii). "If the Commissioner finds conclusively that a claimant is

disabled at any point in this process, review does not proceed to the next step." *Davis v. Colvin*, No. 5:13-CV-98, 2015 WL 404213, at *4 (W.D.N.C. Jan. 29, 2015).

For the period between October 31, 2007, and May 9, 2010, the Appeals Council adopted ALJ Ray's findings at steps one and two of the five-step sequential evaluation process outlined above in Part IV, but found that Plaintiff's impairment during this period met Listing 1.07. R. at 10. For the period beginning May 10, 2010, however, the Appeals Council adopted ALJ Ray's findings at steps one through five of the sequential evaluation process. R. at 9. The Appeals Council found that Plaintiff's condition improved as of May 10, 2010, and that the medical improvement was related to his ability to work because the decrease in the severity of the signs and symptoms resulted in an increase in his functional capacity. R. at 11.

A decrease in the medical severity of an impairment sufficient to constitute medical improvement must be substantiated by changes in signs, symptoms, or laboratory findings. 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1)(i). To determine whether medical improvement has occurred, the severity of the claimant's current medical condition is compared to the severity of the condition "at the time of the most recent favorable medical decision that [the claimant was] disabled." *Id.* The date of the most recent favorable medical decision is called the "point of comparison." *Id.* § 404.1594(b)(7), 416.994(b)(1)(vii). When, as here, however, the Commissioner finds that the claimant is disabled for a closed period in the same decision in which she found that a medical improvement occurred, the disability onset date is the "point of comparison." *Small v. Astrue*, No. 7:08-CV-141-FL, 2009 WL 3029737, at *10 (E.D.N.C. Sept. 22, 2009).

Symptoms are the claimant's description of impairments. 20 C.F.R. §§ 404.1528(a), 416.928(a). Symptoms of disability may include "pain, fatigue, shortness of breath, weakness,

or nervousness." *Id.* §§ 404.1529(b), 416.929(b).  Medical improvement may also be demonstrated by a decrease in the medical severity of an impairment as shown by changes in the signs associated with the impairment. *Id.* §§ 404.1594(b)(1), 416.994(b)(1)(i). "Signs" are "anatomical, physiological, or psychological abnormalities which can be observed, apart from [a claimant's] statements (symptoms)." *Id.* §§ 404.1528(b), 416.928(b). "Signs must be shown by medically acceptable clinical diagnostic techniques." *Id.* Finally, medical improvement may also be demonstrated by a decrease in the medical severity of an impairment as shown by changes in the laboratory findings associated with the impairment. *Id.* §§ 404.1594(b)(1), 416.994(b)(1)(i). Laboratory findings "are anatomical, physiological, or psychological phenomena which can be shown by the use of medically acceptable laboratory diagnostic techniques. Some of these diagnostic techniques include chemical tests, electrophysiological studies (electrocardiogram, electroencephalogram, etc.), roentgenological studies (X-rays), and psychological tests." *Id.* § 404.1528(c); *see* 20 C.F.R. § 416.928(c).

Here, the Appeals Council noted that, on September 29, 2011, Plaintiff denied having any pain and that on January 9, 2012, he denied loss of grip strength. R. at 10, 711, 733. Substantial evidence does not support the Commissioner's finding of medical improvement of Plaintiff's condition on May 10, 2010, however. Although the Appeals Council noted that Plaintiff was discharged from physical therapy on May 10, 2010 (R. at 10), his physical therapy was discontinued because he had demonstrated limited response to therapy and had not made functional gains (R. at 680, 682). On that date, Plaintiff did not demonstrate range of motion in his left hand necessary to perform functional grasp. R. at 682. Substantial evidence does not support the Commissioner's determination that Plaintiff's functional use of his left upper extremity was restored on May 10, 2010, with the capacity to use occasionally hand controls or

to handle and finger frequently or even occasionally with that extremity.  R. at 10; *see* R. at 91-96.  The Appeals Council did not find that maximum benefit from therapy had been achieved on May 10, 2010, *see* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00(M)-(N), and "a court may not guess at what an agency meant to say, but must instead restrict itself to what the agency actually did say."  *Nken v. Holder*, 585 F.3d 818, 822 (4th Cir. 2009).  Thus, the Court remands this matter for further proceedings under the fourth sentence of 42 U.S.C. § 405(g) and need not address Plaintiff's remaining arguments.

## VII

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 23) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 13) is **GRANTED**.  Defendant's final decision is **REVERSED IN PART** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order shall issue.

Date: September 29, 2015                                    /s/
                                                            Thomas M. DiGirolamo
                                                            United States Magistrate Judge